## WALKER *vs*. THE BANK OF ALABAMA.

1. In a proceeding by notice, under the charter of the Bank of the State of Alabama, to charge one as the acceptor of a bill of exchange, positive proof must be shewn, in the record, to have been made, of an acceptance by him.

2. In such cases, an allegation, in the notice, that the President and Directors, are the "the holders and owners" of the bill of exchange sued on, is equivalent to an averment, that *the bill is the property of the bank*.

3. A jndgment by default, in cases of this character, is no admission of the cause of action; and it must be proved, (and entered in the record,) whether the judgment be by default or otherwise.

Error to Tuskaloosa Circuit Court.

On the 31st day of July, 1830, a bank notice was issued to the sheriff of Monroe County, requiring him to serve the same upon Daniel Walker, surviving partner of the late firm of Smith & Walker.

The notice informed Walker, that at the September term, of the Circuit Court of Tuskaloosa County, to be held on the first, after the fourth Monday in September, 1830, the President & Directors of the the Bank of the State of Alabama, would move for judgment and award of execution, against him, said Walker, "on a bill of exchange, drawn by Joseph King, in Clarke County, on Smith & Walker, at Mobile, in favor of Ezra Hill, for two thousand dollars, dated the 14th day of June, 1829, and payable two hundred days after date, at the Bank of Mobile; and which was, by said Smith & Walker, in the lifetime of said Smith, duly accepted; and was indorsed by the said Ezra Hill and William C. Coolidge, and by John Files, in blank: of which said Bill of

exchange, the said President and Directors of the Bank of the State of Alabama, were the holders and owners for a valuable consideration. And which said bill of exchange had been on the 3d day of January, 1830, shewn and presented at the place of payment, to the proper officer of the Bank of Mobile, at said bank, for payment, which was refused; and the same protested for non-payment: of all which facts the parties had been notified, &c.

The notice was returned executed: and at the October term, 1830, of the Circuit Court, the following entry was made of record, to wit—" Be it remembered, that on this day, that is to say, the term aforesaid, came the attorney of the president and directors of the Bank of the State of Alabama, and having filed the notice, aforesaid, in the words and figures aforesaid—thereupon produced in Court, a bill of exchange, drawn by Joseph King, bearing date the 14th day of June, 1829, on Smith & Walker, directing and requiring the said Smith & Walker, two hundred days after date to pay to Ezra Hill, or order, the sum of two thousand dollars, at the Bank of Mobile, for value received: which said bill of exchange was endorsed by the said Ezra Hill to William C. Coolidge—by him indorsed to John Files—by him indorsed to John B. Cook—and by the latter to the plaintiffs. And the said attorney having produced here the certificate of John L. Tindall, president of the said Bank, under the seal of the president and directors of the said Bank, that the said Daniel Walker, surviving partner of the late firm of Smith & Walker, is indebted to the president and directors of the Bank of the State of Alabama, the sum of two thousand dollars, with interest from the 3d day

WALKER *vs.* BANK OF ALABAMA.

of January, 1830; and that the said debt is really and *bona fide* the property of the said bank—moved the Court, for judgment in favor of the President and Directors of the said bank, against the said Daniel Walker, surviving partner, as aforesaid, for the said sum of two thousand dollars, and interest, from the second day of January, 1830. And, it appearing to the satisfaction of the Court, that the said bill of exchange was duly and regularly protested, for non-payment, by a notary public—sets forth a demand—a refusal of payment; and that notice thereof was given to the said Daniel Walker, surviving partner, as aforesaid, on the second day of January, 1830, through the medium of the post office, by the first mail: and, it further appearing to the Court, that the said Daniel Walker, surviving partner, aforesaid, has been served with a notice of this motion, thirty days before the making of the same, by a notice, under the seal of the President and Directors of the said bank; and it also appearing, to the satisfaction of the Court, that the said debt is due and unpaid—it is, therefore, considered," &c.: and judgment was rendered against the said Walker, in the usual form.

From this judgment, Walker prosecuted a writ of error, and assigned, in this Court, among other grounds for reversal—

*First*—That the certificate of the President of the bank, did not shew, that the bill sued on, was the property of the bank.

*Secondly*—That the evidence in the Court below, did not authorise the judgment.

4 s. & p. 28

*Gordon*, for the plaintiff in error.—In cases of this character, nothing can be taken by intendment.— The remedy is given by statute, and is an innovation upon the usual mode of practice—consequently, the greatest strictness is required; and, unless the record shows every material fact to have been proved, the Court will imply nothing.—*Logwood* vs. *Huntsville Bank*, Ala. Rep. 23.

Here, the Court can not imply, from any part of the proceedings, that an acceptance was proved.— The action was to charge the acceptor of the bill; and an acceptance, either written or verbal, should have been proven. In this case, as in any other, the usual requisites of a suit should exist: a legal right of recovery, and a legal liability in the defendant.

In this case, then, there was no evidence of acceptance; and such evidence could only bind him. In ordinary proceedings, in a Court of common law, default might possibly be conclusive. But, in these proceedings, it is essential, that all should be set out, which is proved; because, they are mostly based upon documentary evidence. The facts must appear palpably. Would the legislature give a remedy, taking so much of the common law privileges of defendants away; and sanction loose proceedings by the bank? This is not the doctrine of the case cited, of *Logwood* vs. *The Bank*. The Court there excluded every thing like inference or argument. Yet, here, if any thing is sustained against the defendant, it must be alone by inference.

*Ellis*, for the bank.—The notice sets out, that the bill was accepted: this is part of the record. Would

the Court below, have suffered an entry of judgment, without the proper and necessary proof? The fact, that it has suffered an entry, denies such supposition. But, the default is conclusive; and estops the plaintiff from a denial of facts, of which he might have availed himself, below.

The record shows, that a notice, in the usual method, was served upon Walker. The recital in the record, that it appeared to the Court, that the debt was due and unpaid, should have an influence. A reasonable construction must be given to its language; and the proceedings must be presumed correct.

TAYLOR, J.—The first assignment of error, in this case, is a general one, and the third is not sustained by the record—as the allegation, in the notice, that the plaintiffs below were the "holders and owners," of the bill of exchange sued on, is equivalent to alleging, that the bill was the property of the bank.

The second assignment, therefore, is the only one which will be considered: it is in these words—"The evidence, in the Court below, did not authorise the judgment there rendered."

This was a summary proceeding, commenced by notice, and the judgment was rendered, upon motion by default, against the defendant below, (Walker,) without pleadings, and without a jury.

In such cases, it was determined by this Court, in the case of *Logwood* vs. *The Huntsville Bank*,[a] that [a]Ala. R.23. nothing will be presumed, or taken by intendment, against the defendant. Therefore, sufficient evidence, must appear to have been introduced before

the Circuit Court, to authorise the judgment; and the record must show what that evidence was.

It is contended, by the plaintiff in error, that it is not shown, by the record, that any proof was offered, that Smith & Walker had accepted the bill.

The record states, that a bill of exchange was produced in Court, drawn by Joseph King, bearing date the 14th June, 1829, on Smith & Walker, directing and requiring the said Smith & Walker, two hundred days after date, to pay to Ezra Hill or order, the sum of two thousand dollars, at the Bank of Mobile, for value received; which said bill of exchange was indorsed by the said Ezra Hill, to William C. Coolidge, and by him to John Files, by him to J. B. Cook, and by him to the plaintiffs. It then proceeds to state the production of the certificate of the president of the Bank, that the bill was the property of the Bank; the protest of the bill for non-payment, and the notice to Walker of such non-payment.— There is no intimation of proof that Smith & Walker had accepted the bill. Indeed the inference is irresistible, that there was no written acceptance on the paper itself; it is minutely described by date, amount, drawer, indorsers, &c., but nothing is said about an acceptor. It is true that proof of a verbal acceptance, or of a written one upon a distinct paper, would sustain the judgment; but it does not appear that any such proof was offered.

It is insisted, however, for the defendants in error, that the judgment by default, is an admission of the cause of action. We think that no such effect can be produced by a judgment by default, when the proceedings are of this summary nature. It has heretofore been decided by this Court, in the case of *Ly-*

*on* vs. *The Bank of Alabama,* that the notice does not occupy the place of a declaration; that it is principally intended to bring the defendant into Court.— Indeed it can not be considered as the declaration, because it is the act of the plaintiff, performed out of Court—not governed by the rules which control the pleadings in a cause. The statute simply requires, that notice shall be given of the motion for a judgment, that the defendant may have an opportunity to defend; and the proceedings in Court are conducted by the parties, without any pleadings whatever. It follows of necessity, that the plaintiff must fully prove his cause of action, whether there be a judgment by default or not, to secure the defendant against future liabilities. Therefore, because there is no proof in the record that Smith & Walker accepted the bill, the judgment is reversed and the cause remanded.